Hawkins, J.,
delivered the opinion of the Court.
On the 6th of November, 1865, a judgment was rendered, by a Justice of the Peace for the. County of Maury, in favor of C. Gr. Jones and Martha Evans, administrator and administratrix of the estate of Jesse E. Evans, deceased, against James R. Evans, for $164.93 and cost. On the 2d of July, 1866, a fi. fa, having been issued upon said judgment, James R. Evans presented his petition to Hon. Hilary Ward, one of the *602 Circuit Judges for tlie State, for writs of certiorari an,d supersedeas, to the end that further proceedings under the fi. fa. he superseded, and the cause removed into the Circuit Court, and a new trial had; which was granted by his Honor, and said petition was filed. Afterwards, on the 17th of September, 1866, the petitioner filed an amended petition in the cause; and, thereupon, the plaintiffs moved to dismiss both the original and amended petitions, upon the ground of insufficiency, which motion was sustained by the Court; and, thereupon, a judgment was pronounced against the petitioner and his security, for the amount of the Justice’s judgment, with interest and cost; from which the defendant has appealed to this Court.
The petitioner states, that the note upon which the judgment was founded, was a forgery; and, when the officer summoned him to appear before the Justice for trial, the petitioner stated to the officer that said note was a forgery; that he attended before the Justice on the day of the trial for the purpose of making said defense ; that, when the case was called for trial, he stated to the Justice that said note was not his act and deed; that the Justice, after examining the note, replied, that he knew the signature of the petitioner, and knew that the signature of said note was not the signature of petitioner, and was himself willing to swear that it was not his signature; by which petitioner understood the Justice had decided the case in his favor, and had disposed of it so far as he was concerned; that the petitioner went away fully believing that the case had been decided in his favor, and was induced so to believe, by *603 the declarations and conduct of the Justice. Petitioner states, that the judgment is unjust, and did not know the same had been rendered against him, until the 11th of June, 1866, when the officer came to him with the execution issued upon said judgment.
The ground relied upon here, in support of the motion to dismiss the petition, and of the judgment of the Court sustaining the motion, is, that the petition fails to disclose any sufficient reason for failing to appeal from the judgment of the Justice; and it is argued that the petitioner was bound to know the law, and knowing the law, he knew he could not have availed himself of the defense which he relies upon, except by plea of non est factum, under oath, and therefore knew he was not legally entitled to a judgment in his favor, without such plea having been filed. However plausible this argument may be, we do not think it meets the allegation in the petition. The Justice certainly had the power and the right to have rendered a judgment in favor of the defendant, without the filing of a plea of non est factum. Such judgment, however, would as certainly have been erroneous. But that is not the question. The petitioner states that he was induced by the conduct and declarations of the Justice to believe, and that he did understand and believe, that the Justice had decided the case in favor of petitioner, and that he went away from the place of trial, believing the case had been decided in his favor; and never knew otherwise, until the 11th of June thereafter, when, to his surprise, the officer called upon him with the fi. fa. issued upon the judgment against him. How can it be said that a party has been guilty of *604 negligence, or laches, in not appealing from the judgment, while laboring under the belief, superinduced by the conduct and declarations of the Justice on the trial, that the judgment was in his favor, instead of against him? And if, under such circumstances, the party against whom the judgment is rendered, takes steps to remove the cause into the Circuit Court, by certiorari, as soon as his mind has been disabused of an erroneous belief, and he ascertained the judgment was against him, instead of in his favor, how can it be said he has been in fault? The petition discloses the fact that the petitioner has a meritorious defense to the action; and we think the reasons stated in the petition, why the defendant did not appeal from the judgment of the Justice, are amply sufficient.
The certiorari is a substitute for an appeal. In the case of McCormack and Miller vs. Murfree, 2 Sneed, 47, Judge Totten, in delivering the opinion of the Court touching the questions now under consideration, said:
“When the jurisdiction of a Justice of the Peace was limited to small amounts, a rigid rule on this subject was of less consequence to parties, and had a tendency to terminate expensive litigations, in which the costs often became greater than the matter in issue. But now, the jurisdiction of the Justice being extended to five hundred dollars, a new trial, by jury, in a more competent Court, has become a matter of greater importance to the interests and rights of the parties. In this state of things, we are not disposed to adopt the strict and rigid rule of practice contended for, which must often have the effect to repel the remedy by cer- *605 tiorari, when no fault or negligence can he imputed to the party, defeat a jury trial in the Circuit Court, and result in injury to the rights of suitors.”
In proportion to the increased value of this remedy, consequent upon the extension of the jurisdiction of Justices of the Peace, the rigid rules of practice adopted when the remedy was less valuable, owing to the limited jurisdiction of Justices of the Peace, should, in our opinion, he relaxed. This, we think, justice demands.
The judgment of the Circuit Court will he reversed, the motion to dismiss disallowed, and the cause remanded, to he proceeded in.